**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0344n.06

Case No. 18-1919

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jul 08, 2019<br>DEBORAH S. HUNT, Clerk |
|  | ) |  |
| Plaintiff-Appellee, | ) |  |
|  | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
|  | ) | THE WESTERN DISTRICT OF |
| TAMEICH JOAQUIN DANIEL, | ) | MICHIGAN |
|  | ) |  |
| Defendant-Appellant. | ) | **OPINION** |

BEFORE: GUY, THAPAR, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. Tameich Joaquin Daniel appeals his 188-month, bottom-of-the-Guidelines sentence for unlawfully possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). He argues that his sentence is substantively unreasonable because the trial court based it on the erroneous belief that he has a "disturbing" criminal history involving firearms and violent acts. We disagree and affirm.

Daniel has a long history of finding himself on the wrong side of the law. In September 2017, the Grand Rapids police arrested him for felony assault. He struck one individual with the head of a gun four times and "pistol-whipped" another after threatening to shoot him. But the assault might have been the least of his worries. By 2017, Daniel had accumulated twenty-nine different criminal convictions, starting at the age of fourteen. Several of those were felonies, including multiple drug offenses and violent crimes. That made Daniel's possession of a firearm

unlawful under 18 U.S.C. § 922(g)(1). And it also made Daniel an armed career criminal under 18 U.S.C. § 924(e).

So when Daniel pleaded guilty to unlawful possession he faced a mandatory minimum sentence of 180 months. *See* 18 U.S.C. § 924(e). But that ended up a bit shorter than what the Guidelines recommended. His lengthy criminal history led to a Guidelines range of 188 to 235 months.

At the sentencing hearing, Daniel asked the court to vary downward to the mandatory minimum—a difference of only eight months. The judge declined that request but did so with a bit of hesitation. He acknowledged that Daniel's drug offenses did not reflect "significant dealing." Sentencing Hr'g Tr., R. 60, PageID 237. But ultimately, the judge concluded that Daniel deserved a sentence within the Guidelines because of his "lengthy and pretty much uninterrupted [criminal history] from age 14 on" that included a "disturbing connection between Mr. Daniel and firearms or other violent acts." *Id*. at 237–38. So the court imposed a bottom-of-the-Guidelines sentence of 188 months.

Daniel challenges that sentence as substantively unreasonable. He contends that the court gave undue weight to his criminal history by erroneously concluding that he had a "disturbing" history of violence and firearms. And he also says that the court did not adequately consider his mental health history when selecting the sentence. We reject both claims.

A sentence is substantively unreasonable if "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013) (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). "The essence of a substantive-reasonableness claim is whether the length of the sentence is greater than

necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010) (internal quotation marks omitted). But a sentence is presumptively reasonable if, as here, it falls within the applicable guidelines range. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Daniel first takes aim at the district court's statement that he has a "disturbing" history of crimes involving firearms or violence. As the Government points out, this claim sounds more like *procedural* reasonableness, not substantive. A sentence "based on clearly erroneous facts" is procedurally unreasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). And that's the heart of Daniel's challenge. He contends that, "[h]ad the court's view of the case not been blighted by its *factually mistaken* judgment as to the nature of Daniel's criminal history, it might have granted his motion for an eight-month variance." Appellant Br. at 14 (emphasis added).

But Daniel disclaims any procedural challenge based on a factual mistake. *See* Reply Br. at 5. He contends that "[t]he essence of his argument is that his sentence is eight months longer than it should be because the district court magnified his history with firearms and violence." Reply Br. at 5. So even if his claim is better understood as a procedural challenge, he's waived that argument before this court. *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("[W]aiver is the 'intentional relinquishment or abandonment of a known right.'") (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

That leaves us left to decide whether the district court's decision to impose a within-Guidelines sentence was unreasonable given Daniel's criminal history. It was not. As the judge below noted, Daniel's criminal history is a mixed bag. His drug offenses were less severe than one might expect for an armed career criminal. But the court properly balanced those considerations against his "lengthy and pretty much uninterrupted [criminal history] from age 14 on," that

included multiple violent offenses. And even though Daniel did not have any prior firearm *convictions*, even he acknowledges that guns and violence played a role in several of his prior arrests. Balancing those factors together, as the district court properly did, Daniel's within-Guidelines sentence is reasonable.

Daniel also claims that the district court did not adequately consider his mental health history and addiction when selecting his sentence. He argues that the judge only mentioned these issues when discussing the background of the case, rather than "treat[ing] them as the serious mitigating factors that they are." Reply Br. at 7–8. But the record belies that assertion. The court addressed Daniel's mental illness and addiction after reviewing his criminal history to explain the justification for his sentence. The court stated that "the bottom-line results are, whether through a combination of mental illness, addiction, or otherwise, he's there with a firearm and at least one, maybe two people in this instance were severely beaten." R. 60 at PageID 238. While Daniel might believe that his mental health issues should have been a more "serious mitigating factor[]," the court disagreed. And we cannot say that its disagreement was unreasonable.

We affirm.